# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ENRON CORP., et. al.,<br><br>Reorganized Debtors. | Case No. 01-16034 (AJG)<br>Chapter 11<br>Jointly Administered |
| ENRON POWER MARKETING, INC.,<br><br>Plaintiff,<br><br>- against –<br><br>PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY,<br><br>Defendant. | Adv. Proc. No. 03-2064 (AJG) |

**ORDER GRANTING ENRON POWER MARKETING, INC.'S
MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY AND
ENJOINING PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY
<u>FROM FURTHER PROSECUTION OF ITS PETITION BEFORE FERC</u>**

The Court having considered: (i) the Memoranda of Law and accompanying Declaration of Israel Dahan filed in support of Enron Power Marketing, Inc.'s ("EPMI") motion for an order (1) enforcing the automatic stay, (2) enjoining the Public Utility District No. 1 of Snohomish County ("Snohomish") from further prosecution of its Petition dated October 6, 2006, before the Federal Energy Regulatory Commission ("FERC") (hereinafter, the "Petition"), (3) ordering Snohomish to withdraw the FERC Petition forthwith, (4) enjoining Snohomish from litigation of the state law issues in this case before any tribunal other than this Court, and (5) and for such other relief as may be appropriate (the "Motion"); (ii) the Memorandum of Law and

USActive 5714615.4

accompanying Declaration of Alan Gamza filed by Snohomish in opposition to the Motion; (iii) the Reply Memorandum of Law filed by EPMI in further support of its Motion and (iv) the parties' oral argument at a hearing before this Court on October 26, 2006 (the "Hearing"); and for the reasons set forth in the Court's decision read into the record at the Hearing and modified thereafter, attached hereto as Exhibit A, it is hereby

ORDERED, that the relief sought by EPMI in the Motion is granted; provided however, that this Order neither limits nor enhances any rights Snohomish may have (1) to prosecute a motion to withdraw the reference of Adv. Proc. No. 03-2064 (AJG) or (2) to prosecute in this Court, or in the District Court if a motion to withdraw the reference were granted, a motion to enforce the arbitration clause contained in the Master Power Purchase and Sale Agreement at issue in Adv. Proc. No. 03-2064 (AJG); and it is further

ORDERED, that Snohomish is directed to withdraw the Petition by November 3, 2006 at 5:00 p.m., Eastern Standard Time, insofar as it seeks entry of an order declaring that (1) EPMI is violating FERC's June 28, 2006 Order by attempting to enforce the Termination Payment provisions before this Court in Adv. Proc. No. 03-2064 (AJG) through a summary judgment motion and that (2) the continuation of such action by EPMI is sanctionable.

Dated:   New York, New York
         October 30, 2006

                                        s/Arthur J. Gonzalez
                                        HON. ARTHUR J. GONZALEZ
                                        United States Bankruptcy Judge

EXHIBIT A

Before the Court is the motion (the "Enforcement Motion") filed by Enron Power Marketing, Inc. ("EPMI") seeking an order enforcing the automatic stay and enjoining Public Utility District No. 1 of Snohomish County (the "Utility") from further prosecution of its petition before the Federal Energy Regulatory Commission ("FERC").

The adversary proceeding before this Court was commenced by EPMI against the Utility when it filed the complaint on January 31, 2003. Included in the complaint was a claim for relief for a certain termination payment (the "Termination Payment") allegedly owed by the Utility to EPMI under a Master Power Purchase and Sale Agreement (the "Master Agreement").

On July 12, 2005, the Court assented to EPMI's request to file a motion for summary judgment on the issue of the Termination Payment and directed the parties to confer on a schedule for that motion as well as a motion by the Utility seeking to direct the matter to arbitration.

In a separate proceeding before FERC, the Utility filed a petition (the "FPA Petition") requesting that FERC determine whether the provisions of the Master Agreement regarding the Termination Payment were enforceable under the Federal Power Act (the "FPA").

Soon thereafter, the Energy Policy Act of 2005 was enacted. The parties disputed the interpretation of Section 1290 of the enactment and, upon EPMI's request, the District Court withdrew the reference in this case for the limited purpose of considering the proper interpretation of Section 1290. Further, EPMI requested that if the District Court were to construe Section 1290 as granting FERC exclusive jurisdiction over EPMI's state-law contract claims regarding the Termination Payment, that such grant was unconstitutional.

After the passage of Section 1290, the Utility had amended the FPA Petition to request that FERC exercise the jurisdiction purportedly granted it under Section 1290 to determine if the Termination Payment provisions were enforceable under state law. This was precisely the issue pending before this Court in the adversary proceeding.

In a June 28 Order, FERC acknowledged that the issues related to the Termination Payment ordinarily would not have been reached by FERC as they "require . . . the application of state law and do not otherwise require uniform interpretation with respect to the policies [FERC is] required to administer." Thus, FERC determined to address the Termination Payment issue only because it viewed section 1290 as providing it with "exclusive jurisdiction . . . with respect to the termination payment claim." Indeed, further evidence that FERC would not have decided the Termination issue absent what it considered the mandate by Section 1290 is the fact that FERC declined to decide similar state-law issues concerning other energy companies as those companies were not viewed as subject to the Section 1290 amendment.

In its ruling, FERC recognized that the issue of the interpretation of Section 1290,

1

including its constitutionality was pending before the District Court for the Southern District of New York. *Public Util. Dist. No. 1 of Snohomish, Cty., Was.*, Docket No. El05-139-000, 2006 FERC LEXIS 1530 at * 94 (June 28, 2006).  Thus, the Utility was cognizant of the fact that the District Court's ruling could impact FERC's June 28 Order.  Specifically, implicit within the ambit of the District Court's interpretation of Section 1290 and its constitutionality would be a resolution of whether FERC had exclusive jurisdiction of the state-law contract issue involving the Termination Payment.  Moreover, the Utility and the United States, as intervenor, were parties to the proceeding before the District Court and are bound by its ruling.

On August 31, 2006, the District Court for the Southern District of New York issued its ruling in which it concluded that Section 1290 was clarifying legislation and that it did not transfer jurisdiction of the state law claims to FERC.  *Enron Power Mktg, Inc. V. Luzenac America, Inc.*, Slip Op., Nos. 05 Civ. 9244, 10129, 2006 WL 2548453 (S.D.N.Y. Aug. 31, 2006).  The District Court determined that the "jurisdiction over the state-law contract issues lie with the bankruptcy court."  *Id*. at *17.  Once the District Court determined that the bankruptcy court had continuing jurisdiction over the state-law contractual issues, it closed its withdrawal of the reference and effectively re-referred the matter to this Court.  *Id*.  This re-referral had the effect of returning the state-law contract issue matter to its *status quo ante*.  There is currently a petition pending before the Second Circuit Court of Appeals for permission to file an interlocutory appeal of the District Court's ruling.

In its June 28 ruling, FERC applied New York state contract law to determine that the Master Agreement should be rescinded.  Thus, its ruling was decided under state law and not whether the FPA precluded enforcement.  As the District Court concluded that Section 1290 was a clarifying amendment and did not alter FERC's jurisdiction, the proceeding involving the interpretation of state-law contractual issues was not within FERC's police power exception to the automatic stay.  This was because the District Court concluded that the bankruptcy court had continuing jurisdiction over the state-law contractual issues concerning the Termination Payment provisions of the Master Agreement.  *Enron Power Mktg, Inc. V. Luzenac America, Inc.*, 2006 WL 2548453 at *17.  Prior to the District Court's August 31 ruling, the Utility had not obtained relief from the automatic stay for FERC to proceed with the state-law contract issue because it viewed Section 1290 as providing FERC with exclusive jurisdiction over that matter.  At the time, the Utility acted in accordance with its interpretation of Section 1290 - which at the time, although recognizing certain constitutional concerns, was also this Court's view of the interpretation of Section 1290.  Nevertheless, the Utility was aware that the interpretation was subject to challenge both on a statutory interpretation basis and on a constitutional basis.  Indeed, the Utility was also aware that - as this Court stated in a similar state-law interpretation issue concerning Luzenac America, Inc. - it was this Court's view that if Section 1290 were not construed to give FERC exclusive jurisdiction over the issue concerning the state-law contractual issue regarding the Termination Payment, or if the construction advanced by the Utility were determined to be unconstitutional, then any action taken before FERC to address such issue would not be within its police power exception to the automatic stay and such proceeding would be void *ab initio* since there was no relief obtained from the automatic stay.

Therefore, as Section 1290 was interpreted by the District Court to be a clarifying statute

and not to have granted FERC exclusive jurisdiction over the state-law contractual interpretation regarding the Termination Payment, the attempt by the Utility to have FERC determine the issue without first seeking relief from the automatic stay provisions was a violation of those provisions. Thus, the District Court's August 31 Order rendered the proceeding that had been conducted before FERC, insofar as it related to the state-law contractual interpretation of the Termination Payment provisions of the Master Agreement, void *ab initio*.

As a consequence of the District Court's August 31 ruling remanding the state-law contractual issue to this Court for determination, on October 5, 2006, EPMI filed a motion for summary judgment in this Court seeking entry of an Order concluding that the Utility breached the Master Agreement and owes EPMI the Termination Payment.

On October 6, 2006, the Utility filed a petition (the "FERC Petition") with FERC seeking, among other things, entry of an order declaring that EPMI is violating FERC's June 28 Order by attempting to enforce the Termination Payment provisions before this Court through the summary judgment motion and that continuation of such action is sanctionable. The Utility filed the FERC Petition without first seeking relief from the automatic stay.

In response, EPMI filed its Enforcement Motion before this Court seeking entry of an order
1. enforcing the automatic stay,
2. enjoining the Utility from further prosecution of its FERC Petition,
3. ordering the Utility to withdraw the FERC Petition,
4. enjoining the Utility from litigation of the state law issues in this case before any tribunal other than this Court, and
5. for such other relief as may be appropriate.

Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. EPMI is attempting to collect a Termination Payment that would be brought into the estate and distributed to creditors. A Termination Payment owed to EPMI is property of the debtor's estate. Thus, the Utility's effort to preclude EPMI from adjudicating their state-law contract rights before this Court is violation of the automatic stay.

Section 362(a)(4) provides an exception from the automatic stay to proceedings concerning certain "police powers" which would include any proceedings conducted by FERC related to its regulatory authority under the FPA. However, the determination of state-law contractual issues are not within FERC's regulatory police power. Indeed, FERC acknowledged as much when it noted that it only decided the issue concerning EPMI because it viewed it as mandated by Section 1290 and that it would not otherwise decide such an issue. FERC, in fact, followed this policy when it declined to reach the issue with respect to other energy suppliers who were not perceived as subject to the mandate of Section 1290.

Further, as contended by EPMI, because in determining the state-law contractual issues FERC was not performing under its regulatory authority pursuant to the FPA, the Utility's

arguments concerning *MCorp* and *Next Wave* are not applicable.

The Utility nevertheless argues that because the plan of reorganization (the "Plan") in this case was confirmed and the property was vested in the Reorganized Debtors, the automatic stay provisions of the Bankruptcy Code do not apply. This argument fails to recognize that both the Plan and the order confirming the plan (the "Confirmation Order") expressly incorporate and extend the automatic stay provisions of the Code to the property of the Reorganized Debtors, including EPMI. The Plan and Confirmation Order both provide that unless otherwise stated "all injunctions or stays provided for in the Chapter 11 Cases pursuant to section 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until entry of an order [closing the case]." *Plan*, Section 42.5 and *Confirmation Order*, Paragraph 43. The fact that the provisions of the automatic stay were extended was further elucidated at the hearing concerning Plan confirmation where the Attorney General for the State of California sought an express extension of the police power exception to counteract the extension of the automatic stay. In response to the Attorney General's concern, revisions were made to the Plan.

In addition, Section 38.1 of the Plan also provides that the Court retains exclusive jurisdiction over matters under the Bankruptcy Code and arising in and related to the cases or the Plan and, in addition, retains exclusive jurisdiction over adversary proceedings and litigated matters pending at the time of confirmation. *Confirmation Order*, Section 38.1(c). This adversary proceeding and the issues related to EPMI's right to collect the Utility Termination Payment were pending at that time. Moreover, the District Court has closed the withdrawal of the reference and re-referred the matter to this Court for this Court to proceed with its continued jurisdiction on the state-law contractual issue.

The Utility further argues that the FERC Petition does not violate the automatic stay because it is only the Utility's effort to defend against EPMI's claim and that such a defense is permitted. The Court agrees that, ordinarily, a party may defend against a claim brought against it without seeking relief from the automatic stay. However, in order to avoid the application of the automatic stay, any defense, based upon state-contractual law, which the Utility seeks to interpose to counter EPMI's claim in this Court should be presented in the proceeding in this Court, not in a separate proceeding in another forum that is precluded by the automatic stay from proceeding with the claim itself. Thus, the Utility cannot rely on the FERC Petition as being a response to the state court contractual issue filed by EPMI in this Court because FERC could not adjudicate the state-court contractual claim absent relief from the automatic stay.

The Utility argues that FERC's actions cannot be enjoined by this Court but must be raised in an appeal of FERC's June 28 Order. However, EPMI does not seek to enjoin FERC. Rather, it seeks to enjoin the Utility from taking action in violation of the automatic stay. Specifically, it seeks to enjoin the Utility from continuing to prosecute the FERC Petition which seeks to have FERC address state-law contractual issues that cannot proceed absent relief from the automatic stay. By this action, the Court notes that it is not acting as an appellate court regarding the June 28 Order. Rather, the Court finds that, based upon the District Court's August

4

31 ruling, the proceeding conducted before FERC which resulted in the June 28 Order was a violation of the automatic stay.  This Court does not dispute that had the stay been lifted, FERC could have exercised its concurrent jurisdiction to adjudicate the state-law contractual claims.

Moreover, EPMI concedes that FERC has exclusive jurisdiction to determine regulatory issues.  However, the FERC Petition seeks to adjudicate before FERC non-FPA related issues.  It seeks to enforce the June 28 Order in which, as expressly stated by FERC and observed by the District Court, FERC adjudicated state-law contractual issues.  As the Utility sought FERC's determination on the state-law issue without obtaining relief from the stay, the proceeding was void *ab initio*.  Further, the Utility seeks to preclude FERC from proceeding with its effort to have the issue concerning the state-law Termination Payment determined by this Court - an issue that the District Court has expressly returned to this Court for determination.  Thus, here, any attempt to enforce the June 28 Order issued by FERC violates the automatic stay insofar as it concerns state-law contractual issues, i.e., issues concerning the Termination Payment under the Master Agreement which the District Court has returned to this Court for resolution.

Further, the Utility's First Amendment right to petition the government for redress is not violated because the Utility is free to continue to seek redress from FERC with respect to any matter within FERC's exclusive jurisdiction.

Finally, although it is not before the Court, it would appear that because the proceeding before FERC was void *ab initio* regarding the state-law claims, the proceeding had no force and effect and any order emanating from such proceeding is equally without force.  Inasmuch as there is no order for FERC to enforce, there would be no violation of FERC's power to enforce orders.

The relief sought by EPMI is granted, provided however, that the relief granted does not limit or enhance any rights the Utility may have to commence or continue prosecuting (1) a motion to withdraw the reference of this adversary proceeding, or (2) a motion to enforce the arbitration clause contained in the Master Agreement in this Court or in the District Court if a motion to withdraw the reference were granted.

The Utility is directed to withdraw the FERC Petition insofar as it seeks entry of an order declaring that EPMI is violating FERC's June 28 Order by attempting to enforce the Termination Payment provisions before this Court through the summary judgment motion and that continuation of such action is sanctionable.  The withdrawal of the FERC Petition must be effectuated by November 3, 2006 at 5:00 p.m. Eastern Standard Time.

EPMI is to submit an order consistent with this ruling.