# EXHIBIT 2

PRESKA, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRON POWER MARKETING, INC., <br><br> Plaintiff, <br> - against - <br><br> PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, WASHINGTON, <br><br> Defendant. | No. 05 Civ. 10129 (LAP) |
| ENRON POWER MARKETING, INC., <br><br> Plaintiff, <br> - against - <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Defendant, <br><br> PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, WASHINGTON, <br><br> Defendant-Intervenor. | No. 06 Civ. 5542 (LAP) |

## STIPULATION

Enron Power Marketing, Inc. ("EPMI"), the Federal Energy Regulatory Commission ("FERC"), and Public Utility District No. 1 of Snohomish County, Washington ("Snohomish"), by their undersigned counsel of record, hereby stipulate and agree that:

1. No party hereto shall take any step or action to prosecute further or advance any claim or defense in *Enron Power Marketing Inc. v. Federal Energy Regulatory Commission*, No. 06 Civ. 5542 (LAP), and all proceedings in that action shall be stayed, until 10 calendar days after (a) the U.S. Court of Appeals for the Second Circuit denies the petitions filed by Snohomish and the United States seeking permission to appeal this Court's August 31, 2006 order in *Enron Power Marketing Inc. v. Public Utility District No. 1 of Snohomish County, Washington*, No. 05 Civ. 10129 (LAP) (the "August 31, 2006 Order"); or (b) if the Court of Appeals grants permission to appeal the August 31, 2006 Order, the Court of Appeals issues its mandate finally disposing of that appeal.

2. EPMI and Snohomish further agree that neither of them shall take any step or action to prosecute further or advance in proceedings before FERC, including, without limitation, Docket No. EL05-139, (a) any state-law claim or state-law defense relating to EPMI's claim against Snohomish for a termination payment, or (b) any request that FERC rule on the proper construction or constitutionality of Section 1290 of the Energy Policy Act of 2005, until the termination of the stay described in paragraph 1.

3. Because FERC takes the position that it believes it is an adjudicator rather than a party in the proceedings pending before FERC, FERC cannot stipulate to any stay of such proceedings, and FERC therefore does not join paragraph 2.

4. This stipulation and agreement shall not stay or affect in any way EPMI's prosecution against Snohomish of Adv. Pro. No. 03-2064 (AJG) (the "Adversary Proceeding"), nor shall it affect Snohomish's right to pursue its motion seeking to have

the Adversary Proceeding held in abeyance, which motion is pending before this Court in No. 05 Civ. 10129 (LAP), and set for hearing on December 13, 2006.

5.  This stipulation and agreement shall not stay or affect in any way Snohomish's or EPMI's ability to litigate or defend (including the right to seek rehearing or prosecute an appeal), or FERC's ability to consider and decide, any matter, other than (a) any state-law claim or state-law defense relating to EPMI's claim against Snohomish for a termination payment, or (b) any request that FERC rule on the proper construction or constitutionality of Section 1290 of the Energy Policy Act of 2005, that is within FERC's jurisdiction under the Federal Power Act, 16 U.S.C. § 791a *et seq.* Claims that are not subject to any stay, per this Paragraph 5, include but are not limited to all claims and defenses relating to the lawfulness under the Federal Power Act of EPMI's claim for a termination payment, such as, for example, claims under the Federal Power Act set out in Snohomish's pending petition for rehearing in Docket No. EL05-139 and amended petition for interim relief in Docket Nos. EL05-139 and EL03-180.

6.  This stipulation and agreement shall not stay or affect in any way Snohomish's or EPMI's ability to litigate or defend (including the right to seek rehearing or prosecute an appeal), or FERC's ability to consider and decide, the proceedings currently pending at FERC under Docket Nos. EL03-180 *et al.*

7.  Any of the parties shall have the right, on 10 calendar days' notice, for good cause shown, to petition this Court for modification of this order.

NOVEMBER 21, 2006

        ENRON POWER MARKETING, INC.

        By: *[signature]*
        Peter Gruenberger (6040)
        Weil Gotshal & Manges LLP

        PUBLIC UTILITY DISTRICT NO. 1 OF
        SNOHOMISH COUNTY

        By: *Craig Goldblatt by PG*
        Craig Goldblatt (6793)
        Wilmer Cutler Pickering Hale and Dorr LLP

        FEDERAL ENERGY REGULATORY
        COMMISSION
        (as to paragraphs 1, 3, 5, 6, and 7)

        Michael J. Garcia
        United States Attorney

        By: *Danielle Gentin Stock by PG*
        Danielle Gentin Stock (DGS 6263)
        Assistant United States Attorney

SO ORDERED

*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

*November 22, 2006*